IN THE MATTER OF JOHN T. HEALEY.

[No. 972S119. Filed May 7, 1973.]

*John T. Healey,* of Indianapolis, pro se for respondent.

*Paul E. Beam,* of Indianapolis, *Peter F. Nemeth,* of South Bend, for Indiana Supreme Court Disciplinary Commission.

ARTERBURN, C.J.—This proceeding was instituted by a Verified Complaint for Disciplinary Action filed by the Disciplinary Commission of this Court. It was heard before the Honorable V. Sue Shields as a Hearing Officer. After the hearing the following Findings and Recommendations of Hearing Officer were filed:

### FINDINGS OF FACT AND RECOMMENDATIONS OF HEARING OFFICER

The undersigned, heretofore appointed by this Court as Hearing Officer and Judge in the above entitled cause under the provisions of Admission and Discipline Rule No. 23 of this Court, respectfully represents to the Court as follows:

The Disciplinary Commission of this Court filed a verified complaint against the respondent in this court on September 12, 1972, the undersigned was appointed as Hearing Officer and Judge on September 22, 1972 and filed her oath and assumed jurisdiction on October 21, 1972; the respondent was served with a summons and a copy of the verified com-

plaint on September 15, 1972; the undersigned set the cause for hearing on Friday, November 17, 1972 at 1:00 o'clock p.m., and a copy of notice of hearing was served on the respondent on November 1, 1972; the respondent filed no pleadings or response on his behalf.

The cause was submitted for hearing on Friday, November 17, 1972 in the Hamilton Superior Courtroom in Noblesville, Indiana. Respondent appeared in person and Disciplinary Commission was represented by Peter F. Nemeth of South Bend, Indiana and by Paul E. Beam of Indianapolis, Indiana. Evidence was heard in part at that time and the cause continued until Monday, November 20, 1972, and further continued to December 21, 1972, then continued to January 26, 1973. The transcript of the evidence taken in the hearing is filed with these Findings and Recommendations.

From the evidence the Hearing Officer finds the facts to be:

1. Respondent was admitted to the practice of law by the Supreme Court of the State of Indiana on December 14, 1955. The Report of the Board of Examiners and the Oath of the Respondent were filed as Commission's Exhibits 1 and 2.

2. Respondent is also a Public Accountant and for a period of time prior to his admission to practice law was employed by the Internal Revenue Service of the United States Treasury Department as a Field Examiner and Auditor.

3. In connection with the several counts the evidence shows as follows:

## COUNT I

### Estate of Denson M. Bartlett, Deceased

That on or about December 13, 1963 Denson M. Bartlett died in a Lafayette, Indiana hospital, having some days prior thereto been involved in an automobile accident causing his death; that he left surviving him his widow, Nellie A. Bartlett, as his sole heir at law and who was the sole legatee

under decedent's last will dated October 19, 1959. Such will was probated in the Marion Probate Court, Indianapolis, Indiana on December 17, 1963 and, pursuant to Item V thereof, Respondent John T. Healey was appointed executor thereof and qualified and furnished his bond with the Fireman's Fund American Insurance Company as surety thereon in the penal sum of $5,000.00, which was the only bond furnished by such respondent in said estate. The inventory of said estate was filed on or about July 1, 1964 showing assets of $15,977.33, which inventory contained items of joint property. On March 4, 1965 Respondent filed his Petition for Partial Allowance of Fees in said estate, representing that the only reason for holding the estate open was a pending lawsuit for damages for the death of the decedent (Commission's Exhibit No. 5D). Order of Court granted the prayer of the petition and allowed $800.00 for partial fees of attorney and executor and payment thereof was made to the law firm of Craven & Healey by executor's check No. 112 dated March 5, 1965 (Commission's Exhibit No. 5E). Settlement of the claim for wrongful death was effected by attorneys Craven & Healey prior to December 22, 1965, on which date said attorneys received payment in the amount of $26,120.00 from the Clerk of the Clinton Circuit Court as satisfaction of said claim. Real estate of the decedent was sold by said executor for $6,500.00 on or prior to July 10, 1968. Commencing in 1968 Respondent made representations to the Marion County Probate Court of reasons for delay in the settlement of the estate until finally, on May 1, 1970, an order was issued by said Probate Court giving the executor 30 days in which to file a final account or to show cause. The executor failed to file such final account and thereafter, on August 3, 1970, John T. Healey resigned as executor and attorney of the estate and agreed to file his final accounting within 30 days. On August 26, 1970 Mr. Healey's resignation was accepted and he was specifically ordered by the court to file his final accounting on or before September 8, 1970,

and a successor administrator was appointed by the court. Respondent has failed to file his final accounting.

At the suggestion and upon the request of Respondent, Nellie A. Bartlett signed an undated memorandum which Respondent represents to be a loan to himself, which memorandum was as follows:

"I hereby authorize John T. Healey, my attorney, to use any part of my funds which are under his control for his personal use. Said sums to be repaid by him with interest. s/Nellie A. Bartlett." (Commission Exhibit 5C)

Respondent withdrew from his account as executor in the American Fletcher National Bank and Trust Company and used for his own personal use the following amounts:

| | | | |
|---|---|---|---|
| Check #134 | 2-20-69 | payee John T. Healey | $ 8,500 |
| Check #135 | 3- 8-69 | payee John T. Healey | 2,500 |
| Check #136 | 3-27-69 | payee John T. Healey | 750 |
| Check #137 | 6-26-69 | payee John T. Healey | 1,500 |
| Check #139 | 8-15-69 | payee John T. Healey | 2,600 |

Thereafter Respondent, on June 5, 1970, issued a check to Nellie A. Bartlett for $500.00, that being the only sum paid by said executor to the sole heir and legatee during his tenure as executor of the estate out of the assets of the estate.

John T. Healey did pay the sum of $6,000.00 to Nellie A. Bartlett on or about November 15, 1964; however, said funds were part of the proceeds from a life insurance policy covering the decedent and were not assets of the estate.

In September, 1971, on default of Respondent, Fireman's Fund paid $5,000.00 to the successor administrator, being the full amount of the bond penalty, and took from Respondent and his wife an indemnifying mortgage on their real estate providing for monthly payments and on which obligation Respondent has made no payments to date.

That Respondent John T. Healey, as attorney and executor

for the Estate of Denson M. Bartlett, did willfully and knowingly misappropriate funds of said estate, and convert said funds to his own personal use; that such conduct involved moral turpitude, and violates Canon 11 of the *Canons of Professional Ethics* of the American Bar Association, and corresponding D. R. 9-102 (A) and (B) (3) and (4), *Code of Professional Responsibility for Attorneys at Law,* Ind. Ann. Stat. (Special Supp. 1971) and violates Canons 29 and 32 of the *Canons of Professional Ethics, supra,* and corresponding D. R. 1-102 (A), (3), (4), (5), and (6), *Code of Professional Responsibility for Attorneys at Law,* Ind. Ann. Stat. (Special Supp. 1971).

That in such capacity as attorney for said estate, Respondent failed to prepare and file proper accountings for the handling of the assets of said estate; that Respondent failed to prepare and file a final accounting for the distribution of the estate to the parties to whom it was due and payable; that Respondent failed to provide for said estate an adequate bond; that the bond covering the Respondent has been paid to the estate in the full amount of the penalty of such bond in connection with the Respondent's defalcations; that such conduct violates D. R. 6-101 (A) (2) and (3), *Code of Professional Responsibility for Attorneys at Law,* Ind. Ann. Stat. (Special Supp. 1971).

## COUNT II

### Estate of Edna Breeding, Deceased

That decedent, Edna Breeding, died May 30, 1958; and on June 3, 1958 her Last Will and Testament, dated January 18, 1958, was probated in the Marion Probate Court, Indianapolis, Indiana. Pursuant to Item V of said will, John T. Healey, Respondent herein, was appointed executor and duly qualified and furnished bond with the American Insurance Company as surety thereon. Said executor on March 2, 1962 filed his petition and obtained an Order of Court allowing himself as

executor and attorney a sum of $1,000 as partial fees and showing in his petition that estate will be closed after the selling of one piece of property (Respondent Exhibit #F and #G). On November 16, 1970 Petition for Removal of Executor was filed (Commission Exhibit #7); and on December 18, 1970 Respondent filed his Final Account and Petition without accounting for the assets (Commission Exhibit #8). Thereafter, on March 4, 1971, the Probate Court entered its Order removing such executor and appointing Alvin E. Meyer as successor administrator (Commission Exhibit #6); and an Order was made for a proper accounting. Said successor administrator has made a claim against the surety company for alleged missing funds. Said estate is still pending, and no accounting has been completed and filed by Respondent to date (testimony of Ewing and Straith-Miller).

Respondent withdrew from his account as executor and used for his personal use amounts as follows:

| Check #124 | 3-17-67 | $ 755.00 |
|---|---|---|
| Check #142 | 8-21-68 | 600.00 |
| | 6- 5-70 | 600.00 |

That Respondent in his capacity as attorney and executor for the Estate of Edna Breeding did willfully and knowingly misappropriate funds of said estate, and convert said funds to his own personal use; that such conduct involved moral turpitude and violates Canon 11 of the *Canons of Professional Ethics, supra,* and corresponding D. R. 9-102(A) and (B)(3) and (4), *Code of Professional Responsibility for Attorneys at Law,* Ind. Ann. Stat. (Special Supp. 1971), and violates Canons 29 and 32 of the *Canons of Professional Ethics, supra,* and corresponding D. R. 1-102(A)(3), (4), (5), and (6), *Code of Professional Responsibility for Attorneys at Law, supra.*

That in such capacity as attorney for the Estate of Edna Breeding, Respondent did charge and collect an illegal or

clearly excessive fee; that such conduct violates Canon 12 of the *Canons of Professional Ethics, supra,* and corresponding D. R. 2-106A) and (B), *Code of Professional Responsibility for Attorneys at Law,* Ind. Ann. Stat. (Special Supp. 1971).

That in such capacity as attorney for the Estate of Edna Breeding, Respondent failed to take such action as required in the formulation of accounting reports and the handling of the estate; that Respondent took no action from the time of his qualification as executor of this estate on June 3, 1958, to prepare and file an inventory or tax schedules until June 3, 1969, when Respondent filed a petition to sell personal property; that such conduct violates D. R. 6-101 (A) (2) and (3), *Code of Professional Responsibility for Attorneys at Law,* Ind. Ann. Stat. (Special Supp. 1971).

## COUNT III

### Estate of Margaret Kent, Deceased

That decedent, Margaret Kent, died in 1965; and in 1965 her Last Will and Testament was probated by the Marion Probate Court, Indianapolis, Indiana. John T. Healey was appointed and qualified as executor and furnished his bond. On September 18, 1969 Respondent was ordered to file a final accounting in thirty (30) days; and, thereafter, on December 10, 1969 a Rule to Show Cause was entered of record against Respondent. On March 8, 1971 Respondent was removed as executor, and Donald L. Hardamon was appointed as successor administrator (Commission Exhibit #11). Entry of Agreed Judgment against Respondent, John T. Healey, and his surety was filed whereby by payment of $2,000 surety compromised and settled claim successor administrator had made against them covering the deficiency in said estate, and Respondent has not paid any part of said judgment (testimony of Hardamon and Straith-Miller). That during the period of Mr. Healey's administration of the estate real estate that was an asset of the estate was not sold nor were

taxes paid when assets were available for the payment of same. That on June 26th, 1965 the executor caused to be issued a check in the amount of $500.00 payable to Craven & Healey as payment of a claim against said estate without allowance thereof by the court. That on July 22, 1965 the executor caused to be issued a check in the amount of $1500.00 payable to Craven & Healey without any allowance therefor by the court. That no accounting has been completed and filed by the Respondent to date.

That Respondent in his capacity as attorney for the Estate of Margaret Kent, did charge and collect an illegal or clearly excessive fee; that such conduct violates Canon 12 of the *Canons of Professional Ethics* of the American Bar Association, and corresponding D. R. 2-106(A) and (B), *Code of Professional Responsibility for Attorneys at Law*, Ind. Ann. Stat. (Special Supp. 1971), and that Respondent failed to file any accounting in said estate and failed to take such action as required in the proper handling of said estate; that such conduct violates D. R. 6-101(A)(2) and (3), *Code of Professional Responsibility for Attorneys at Law, supra.*

## COUNT IV

### Estate of Ruth M. Johnson, Deceased

That on December 18, 1963 Diana M. Galt qualified as administratrix of the Estate of Ruth M. Johnson, deceased; and Respondent, John T. Healey, was employed as her attorney. On June 15, 1964 she filed her Petition for Allowance of Fees of her attorney and as administratrix (Commission Exhibit #15); and an Order was made thereon (Commission Exhibit #16) allowing administratrix $740 and attorney $1,190. Said petition showed that estate had been fully administered except for final distribution and closing of estate. On June 18, 1971 Petition for Removal of Personal Representative was filed (Commission Exhibit #17) setting out

therein the failure of administratrix and her attorney to administer and close estate.

From at least February 7, 1968 contact was had by the court with Mr. Healey concerning the filing of a final report which was promised within one month; that contract continued until July 22, 1970 where a Rule to Show Cause was to be issued if a final account was not filed within 45 days. On June 22, 1971 the court removed John T. Healey as attorney and entered a Show Cause Order against the administratrix, who was thereafter removed on July 26, 1971 and a successor administrator appointed. That the bonding company has paid the sum of $1,339.29 as payment of a loss under their surety bond. That the administration of this estate was not completed by Respondent.

That in such capacity as attorney for said estate, Respondent failed to take such action as required in the proper handling of said estate; that such conduct violates D. R. 6-101 (A) (2) and (3), *Code of Professional Responsibility for Attorneys at Law,* Ind. Ann. Stat. (Special Supp. 1971).

That Respondent in his capacity as attorney for the estate of Ruth M. Johnson did charge and collect an illegal and clearly excessive fee in that he did not complete the administration of the estate. That such conduct violates Canon 12 of the *Canons of Professional Ethics* of the American Bar Association, and corresponding D. R. 2-106 (A) and (B), *Code of Professional Responsibility for Attorneys at Law,* Ind. Ann. Stat. (Special Supp. 1971).

### COUNT V

That the said Respondent, John T. Healey, was the attorney for the Estate of one Rudolph Hulsemann; that in such capacity as attorney for said estate, Respondent failed to take the necessary action required in the closing out of said estate; that Respondent failed to act in accordance with his promises made therein to the Administrator of said estate;

that such conduct violates D. R. 6-101(A)(2) and (3), *Code of Professional Responsibility for Attorneys at Law, supra.*

## COUNT VI

That the records of the Probate Court of Marion County involve numerous estate matters and guardianship matters in which the Respondent, John T. Healey, was involved as a fiduciary or as attorney for the fiduciary in which there are various and sundry irregularities and failure on the part of said Respondent to properly represent or discharge his duty as attorney to the fiduciary, and that successor fiduciaries, with the aid of the Probate Court, are now, and have been for a long period of time, trying to secure required information to complete the accounting for the assets of such trusts and for a final disposition thereof; that such conduct violates D. R. 6-101(A)(2) and (3), *Code of Professional Responsibility for Attorneys at Law, supra.*

4. That the Respondent, John T. Healey, is not a fit and proper person to practice law in the State of Indiana for reasons that Respondent did engage in illegal conduct involving moral turpitude; that he engaged in conduct involving disregard (sic) fraud and misrepresentation; that he charged excessive fees for services; that he neglected legal matters entrusted to him; all as set forth in the above paragraphs.

## RECOMMENDATIONS

The Findings of Fact demonstrate a total disregard by the Respondent of the attorney's basic responsibilities to his client and as an officer of the court, and total disregard of the professional responsibilities of an attorney.

There is some evidence to indicate that the Respondent had personal difficulties and, possibly, as a result of these difficulties was working under pressure; however, these circumstances cannot serve to even partially justify the Respondent's conduct.

The undersigned, therefore, recommends that the Respond-

ent, John T. Healey, be permanently disbarred by this court and that his name be stricken from the Roll of Attorneys duly authorized to practice law in this State, and that he should pay to the Clerk of the Supreme Court the expenses incurred in the course of the investigation and prosecution of this matter.

V. Sue Shields
Hearing Officer and Judge

Entered this 15th day of March, 1973.

And the Court having examined said report and finding that the Respondent, John T. Healey, was present at said hearing and has failed to file a petition for review of the Findings and Recommendations of the Hearing Officer as provided in A. D. Rule 23, Section 15(a), now approves and adopts the Findings and Recommendations of said Hearing Officer.

IT IS THEREFORE ORDERED, ADJUDGED AND DE-CREED in accordance with the Recommendation of said Hearing Officer that the Respondent, John T. Healey, be and he is permanently disbarred from the practice of law in this state, and his name be and it is stricken from the Roll of Attorneys duly authorized to practice law in this State, and that he pay the costs and expenses of this proceeding.

Dated this 7th day of May, 1973.

Norman F. Arterburn
Chief Justice of Indiana

All Justices concur.

NOTE.—Reported in 295 N. E. 2d 594.